# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 16-12700 (CSS) |
| La Paloma Generating Company, LLC, *et al.*, | : | |
| | : | Jointly Administered |
| Reorganized Debtors.[1] | : | |
| | : | |
| Ad Hoc Group of Second Lien Creditors, | : | Civil Action 17-1697 |
| Appellant, | : | BAP No. 17-44 |
| vs. | : | |
| La Paloma Generating Company, LLC, | : | |
| Appellee | : | |
| and | : | |
| LNV Corporation, | : | |
| Intervenor-Appellee | : | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LA PALOMA GENERATING COMPANY, LLC FOR LEAVE TO INTERVENE AS APPELLEE PURSUANT TO RULE 8013(g) OF THE FEDERAL RULES OF <u>BANKRUPTCY PROCEDURE</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the jointly administered Chapter 11 bankruptcy cases of La Paloma Generating Company, LLC ("LPG"), La Paloma Acquisition Co., LLC ("<u>LPAC</u>"), and CEP La Paloma Operating

---

[1] The Debtors in these cases, along with the last four digits of each Debtors's federal tax identification number, are La Paloma Generating Company, LLC (9359), La Paloma Acquisition Co, LLC (2500), and CEP La Paloma Operating Company, LLC (2503). The address of the Debtors' corporate headquarters is

Company, LLC ("CEP" and, collectively with LPG and LPAC, the "Debtors"), hereby submits this motion (the "Motion") for an order granting leave to intervene as an appellee pursuant to Rule 8013(g) of the Federal Rules of Bankruptcy Procedure (the "FRBP") in the above-captioned appeal of the *Findings of Fact, Conclusions of Law and Order Confirming Joint Chapter 11 Plan for La Paloma Generating Company, LLC, et al., and Approving Sale of Assets Thereunder* (the "Confirmation Order") [Bankr. D.I. 869], which was entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on November 6, 2017, filed by the Ad Hoc Group of Second Lien Creditors (the "Appellant"). In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.   This appeal challenges the Confirmation Order entered in the Debtors' bankruptcy case. The Committee was formed in the Debtors' bankruptcy in order to represent the interests of all of the Debtors' general unsecured creditors. The Committee actively participated in the Debtors' bankruptcy case and was a party to the Confirmation Order, which incorporated a settlement between the Committee and the purchaser of the Debtors' assets, LNV Corporation ("LNV") that provided for payment of the Committee's claims. The Committee, therefore, has a strong interest in the outcome of this appeal and seeks to intervene to protect its rights.

2.   Pursuant to the Confirmation Order, the Committee was generally dissolved on the Effective Date of the *Joint Chapter 11 Plan for La Paloma Generating Company, LLC, et al.* [Bankr. D.I. 862] (the "Plan"), which occurred on December 4, 2017. See Notice of (A) Entry of Order Confirmating *Joint Chapter 11 Plan for La Paloma Generating Company, LLC, et al., as Modified; (B) Occurrence of Effective Date Thereunder; and (C) Related Deadlines* at p. 2 [Bankr. D.I. 939]. However, the Committee did not dissolve "with respect to . . . any appeals of

1700 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006.

the Confirmation Order . . . ." Confirmation Order at § 13.7. Thus the Committee has standing to participate in this appeal and requests that the Court grant the Committee leave to intervene as an appellee.

## BACKGROUND

3.   On December 6, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.   On December 8, 2016, this Court entered an order directing that the Debtors' chapter 11 cases be jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Bankr. D.I. 37].

5.   By notice dated September 5, 2017, the Office of the United States Trustee (the "Trustee") appointed the Committee. [Bankr. D.I. 604].

6.   On September 21, 2017, the Debtors filed an initial version of their Plan. [Bankr D.I. 637]. An amended version, which was approved by the Bankruptcy Court for solicitation, was filed on September 29, 2017. [Bankr. D.I. 674]. The Committee objected to confirmation of the Plan on October 23, 2017 [Bankr. D.I. 788] and filed a supplemental objection on October 26th [Bankr. D.I. 820]. A confirmation hearing was set for November 6th.

7.   Leading up to the confirmation hearing, the Committee engaged in substantial discussions and negotiations with the Debtors and LNV, as purchaser of the Debtors' assets. These discussions resulted in a settlement wherein the Committee withdrew its objections and LNV ensured that the Committee would be paid (the "Committee Settlement"). See Confirmation Order at ¶¶ 46-47. The Committee Settlement is "an integral part of th[e] Confirmation Order" and is "binding and enforceable against LNV." Id.

3

8.  On November 20, 2017, the Appellant filed a notice of appeal of the Confirmation Order [D.I. 1] (the "Notice of Appeal").

## ARGUMENT

9.  The Committee should be granted leave to intervene in this appeal because it satisfies all of the necessary criteria. FRBP 8013(g) provides:

> Intervening in an Appeal. Unless a statute provides otherwise, an entity that seeks to intervene in an appeal pending in the district court or BAP must move for leave to intervene and serve a copy of the motion on the parties to the appeal. The motion or other notice of intervention authorized by statute must be filed within 30 days after the appeal is docketed. It must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate.

10. *Filing Within 30 Days.* The appeal was docketed in this Court on November 22, 2017. This Motion is being filed within 30 days as required by the Rule.

11. *Movant's Interest.* The Committee has a very strong interest in this appeal. First, the Committee was a party to the Confirmation Order that is being appealed. See Notice of Appeal at p. 4. Second, the Confirmation Order incorporated a settlement that provides for a "backstop" payment to the Committee that was not included in the Debtors' proposed Plan. See Confirmation Order at ¶¶ R, 46-47. The amount of the "backstop" payment that is guaranteed to the Committee under the Confirmation Order is likely sufficient to pay all general unsecured claims at 100%. Thus, the Committee seeks to protect its interest in receiving this payment, which is substantially more than the Committee was scheduled to receive under the Debtors' Plan.

12. *Grounds for Intervention.* The Committee's participation in the Plan and Confirmation process in the Bankruptcy Court was an important component in reaching the settlement that in contained within the Confirmation Order. Without the Committee's consent to

confirmation, which was obtained by way of the Committee Settlement, it would have been extremely difficult, if not impossible, for the Debtors' Plan to get confirmed. The Committee has a substantial interest in seeing that the Confirmation Order is upheld given the Committee's significant increase in payment under the Committee Settlement as opposed to the Plan. As a party to the Confirmation Order, the Committee should have the opportunity to be heard on appeal and defend its interests.

13. *Intervention in the Bankruptcy Court.* The Committee was a party to the Confirmation Order in the Bankruptcy Court and had no need to intervene at that level. The Committee actively participated in the confirmation process, negotiating the Committee Settlement that led to the Committee's support of confirmation and the Debtors' ability to obtain the Confirmation Order.

14. *Intervening at the Current Stage.* The Committee deserves the ability to defend its interests and seeks to intervene before the 30-day period given in the FRBP runs. The Committee submits that its intervention at this stage will not prejudice any party since no substantive proceedings have yet occurred in this appeal.

15. *Amicus Curiae Participation is Inadequate.* Given the limitations placed on the involvement of amicus curiae in appeals by the FRBP, the Committee would not be able to adequately protect its interests if given only amicus curiae status by this Court. As a party in interest under section 1109(b) of the Bankruptcy Code with a significant economic interest in the outcome of this appeal, the Committee should be permitted to participate in every aspect of this appeal, both substantively and procedurally, without any of the limitations that could be imposed on parties who are limited to amicus curiae status.

*Wherefore*, the Committee respectfully requests the Court enter an order granting the

Committee leave to intervene and such further relief as the Court deems just and proper.

Dated: December 22, 2017
      Wilmington, Delaware

Respectfully submitted,

**THE ROSNER LAW GROUP, LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE No. 3995)
Scott Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 North Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111

-and-

**BRINKMAN PORTILLO RONK, APC**
Daren R. Brinkman (*pro hac vice* pending)
4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998
Email: firm@brinkmanlaw.com

*Counsel to the Official Committee of Unsecured Creditors of La Paloma Generating Company, LLC, et al.*