# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LA PALOMA GENERATING COMPANY, LLC, et al., | : | Case No. 16-12700 (CSS) Jointly Administered |
| Debtors. | : | |
| Ad Hoc Group of Second Lien Creditors, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 17-1697-LPS |
| La Paloma Generating Company, LLC, et al., | : | BAP No. 17-44 |
| Appellees. | : | |
| Ad Hoc Group of Second Lien Creditors, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 19-17-LPS |
| LNV Corporation, | : | BAP No. 19-03 |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **5th** day of **February, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information

from counsel, to determine the appropriateness of mediation in these matters;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Previously the parties requested mediation procedures for the Plan Confirmation Appeal be suspended pending resolution of a related dispute. This request was granted. On December 27, 2018, Judge Sontchi rendered a decision of this dispute, referred to as the Intercreditor Decision. This was appealed on January 4, 2019. By Oral Order, counsel was directed to submit a joint letter regarding mediation in relation to the Plan Confirmation Appeal and the Intercreditor Appeal. The parties have since begun preliminary discussions concerning possible resolution of the appeals. However, in light of the issues on both appeals, none of the parties feel that mediation of the appeals would be productive. The parties involved in both appeals are financially sophisticated and often involved in the distressed debt space. Each understands the other's positions with respect to the various issues on these appeals. Based on review of the parties' joint submission, this Court understands that should any resolution occur it will likely be achieved directly among the parties.

The parties also request that the following briefing schedule be entered regarding the appeals:

| | |
|---|---|
| Deadline to file a motion to dismiss or otherwise determine an appeal (a dispositive motion) | February 15, 2019 |
| Opposition to a dispositive motion | March 6, 2019 |

| | |
|---|---|
| Reply Brief in support of dispositive motion | March 13, 2019 |
| Appellant's opening briefs | February 25, 2019 |
| Appellee's answering briefs | March 27, 2019 |
| Appellant's reply brief | April 10, 2019 |

The parties represented that concurrent with their joint submission requesting these matters be removed from mandatory mediation, stipulations and requests for orders extending the deadlines as set forth above were filed. Both stipulations were filed: 17-1697 LPS at D.I. 18 on January 22, 2019, with the order extending deadlines entered on January 28, 2019 at D.I. 19; and 19-17 LPS filed on January 22, 2019 at D.I. 5, with Order extending deadlines entered at D.I. 6 on January 28, 2019.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these appeals be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since this Recommendation is consistent with the parties' requests, no objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1 are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge